UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CHRIS BIVONA,

    Petitioner

    -v-

STATE OF NEW JERSEY, NEW JERSEY STATE POLICE, TROOPER MICHAEL W. PANOS (#7521), Individually and in his Official Capacity, DETECTIVE IJB JASON KAZAN (#6457), Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOES" #1-3, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

    Defendants

**COMPLAINT AND DEMAND FOR JURY TRIAL**

CV #:

---

Plaintiff CHRIS BIVONA, acting pro se, as for his Complaint in this matter, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

1. This civil rights complaint, arising from these unlawful acts by New Jersey State Police officers, seeks compensatory and punitive damages, costs, pursuant to applicable federal civil rights law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

1

3. The federal claims in this action are brought pursuant to 42 U.S.C. § 1983 for a violation of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391 in that the Plaintiff's claims arose in the County of Essex in the State of New Jersey, within the confines of this judicial district.

## PARTIES

5. Plaintiff Christ Bivona is a resident of the state of New Jersey, residing at 67 Windjammer Court, Bayville, New Jersey 08721.

6. Defendant Troopers Panos, Kazan, and "John Does" #1-3 (the name John Doe being fictitious, as the true names are presently unknown) were employed by the New Jersey State Police and were acting within the scope and authority of their employment and under color of law during all relevant times.

7. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the New Jersey State Police.

8. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the New Jersey State Police.

## JURY DEMAND

9. Plaintiff demands trial by jury in this action pursuant to Fed. R. Civ. P. 38(b).

## STATEMENT OF FACTS

10. On November 21, 2016, beginning at approximately 10:00 a.m., plaintiff voluntarily surrendered himself at the Newark Station of the New Jersey State Police. Plaintiff was previously contacted on November 17, 2016 by a New Jersey State Police Officer who

advised plaintiff that he was required to come to Newark Station regarding an incident that took place several days prior.

11. Plaintiff was placed under arrest and handcuffed in relation to an incident that occurred several days prior, on November 13, 2016.

12. Plaintiff was handcuffed behind his back.

13. Plaintiff had a previous injury to his shoulder.

14. Plaintiff desperately pleaded that his handcuffs be adjusted because the position he was confined to was causing him shoulder pain.

15. For hours, plaintiff was made to wait while handcuffed in a position that caused him this extreme shoulder pain.

16. Plaintiff repeatedly pleaded with Defendant Officers to adjust his handcuffs to alleviate the severe pain he was experiencing.

17. These requests were ignored.

18. Plaintiff was charged with criminal mischief in violation of N.J.S. 2C:17-3A, Terroristic Threats in violation of N.J.S. 2C:12-3A, and Possession of a Weapon for Unlawful Purposes in violation of N.J.S. 2C:39-4D and subsequently lodged at Union County Jail with a court date of November 22, 2016.

19. At no time on November 21, 2016 did the plaintiff assault any police or peace officers, assault any person whatsoever, resist arrest, obstruct government administration, menace anyone, harass anyone, behave in a disorderly manner, or behave unlawfully in any way.

20. Plaintiff received treatment for the injury and was advised that even after post right shoulder arthroscopy, he had a labral tear with an unrepairable rotator cuff tear which, to resolve, would probably require shoulder replacement surgery.

21. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, apprehension, physical injury, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### Deprivation of Federal Rights Under 42 U.S.C. § 1983

22. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

23. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under color of state law.

24. All of the aforementioned acts deprived plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth, Eighth, and Fourteenth Amendments to the constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as law enforcement officers, with all the actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as law enforcement officers, pursuant to the customs, usages, practices, procedures, and the rules of the New Jersey State Police, all under the supervision of ranking officers of said agency.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

4

## SECOND CLAIM FOR RELIEF
### Excessive Force under 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

29. The level of force employed by defendants was objectively unreasonable and deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from gratuitous and excessive force.

30. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged including, irreparable shoulder damage and severe pain.

## THIRD CLIAM FOR RELIEF
### Failure to Intercede under 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

32. The defendants had an affirmative duty to intercede when plaintiff's constitutional rights were being violated in defendants' presence by the use of excessive force.

33. Defendants further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

34. As a result of the defendants' failure to intercede with plaintiff's constitutional rights were being violated in defendants' presence, plaintiff sustained physical and emotional injuries – plaintiff's liberty was restricted for an extended period of time, plaintiff's

physical restraints were unduly tight causing him extreme pain, plaintiff begged for relief, and plaintiff's requests were ignored.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against defendants as follows:

A. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiff as a result of the events alleged herein.

B. Punitive damages against the Individual Defendants in an amount to be determined at trial.

C. An order awarding Plaintiff the costs of this action.

D. Such other and further relief as the Court may deem appropriate.

Dated: November 20, 2018
Newark, New Jersey

CHRIS . BIVONA
67 Windjammer Court
Bayville, New Jersey, 08721
917-418-2917

6